IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED

2013 OCT 10  PM 4: 24

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY_____ DEPUTY

JOHN PAUL DEJORIA

        *Plaintiff/Counterclaim*
        *Defendant*

   v.

MAGHREB PETROLEUM
EXPLORATION S.A. and MIDEAST
FUND FOR MOROCCO LIMITED

        *Defendants/Counterclaim*
        *Plaintiffs*

CIVIL ACTION NO.

1:13-cv-654-JRN

## ORDER

Before the Court is Counterclaim Defendant's ("Dejoria") Motion to Abate or Dismiss the above styled action. (Dkt. No. 23). In the motion, Dejoria asks this Court to dismiss the entire action due to what Dejoria argues is MPE and MFM's ("MPE/MFM") failure to join a necessary party as required by FRCP 19(a). Given that Dejoria's motion runs less than two pages and does not contain a single citation to a case or piece of evidence, it will probably not come as a surprise to Dejoria that the Court denies his motion.

## Standard of Review

Federal Rule of Civil Procedure 12(b)(7) permits dismissal for failure to join an indispensable party under Federal Rule of Civil Procedure 19. *HS Res., Inc. v. Wingate*, 327 F.3d 432, 438 (5th Cir.2003). It "allows for both the joinder of parties who should be present in order to have a 'fair and complete resolution of the dispute,' and for the dismissal of lawsuits 'that should not proceed in the absence of parties that cannot be

joined.' " *Dore Energy Corp. v. Prospective Inv. & Trading Co. Ltd.*, 570 F.3d 219, 230–31 (5th Cir.2009), *citing HS Res., Inc. v. Wingate*, 327 F.3d at 438. Rule 19 sets out a two-step inquiry: whether a party should be added under the requirements of Rule 19(a) and whether litigation can properly proceed without the absent party under the requirements of Rule 19(b). *August v. Boyd Gaming Corp.*, 135 Fed. Appx. 731, 732 (5th Cir. June 22, 2005).

A "Rule 12(b)(7) motion will not be granted because of a vague possibility that persons who are not parties may have an interest in the action. In general, dismissal is warranted only when the defect is serious and cannot be cured." 5A Charles Alan Wright, *et al.*, Federal Practice and Procedure § 1359 (2d ed.1990). The decision whether to dismiss a case for failure to join an indispensable party first requires the court, in a highly practical, "fact-based endeavor," to determine whether the party meets the requirements of Federal Rule of Civil Procedure 19(a). *Hood ex rel. Mississippi v. City of Memphis, Tenn.*, 570 F.3d 625, 628 (5th Cir.2009). Under Rule 19(a)(1), the party must be joined if it is subject to process, its joinder does not deprive the Court of subject matter jurisdiction, and if

"(A) in the person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." *Hood*, 570 F.3d at 628.

If joinder would destroy the jurisdiction of the court, the court must next decide under Rule 19(b) if the absent party is indispensable. *Hood ex rel. Miss. v. City of Memphis, Tenn.*, 570 F.3d 625, 628–29 (5th Cir.2009). Rule 19(b) sets out the factors for the court to

consider in determining if it is feasible to join that necessary party:

(1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;

(2) the extent to which any prejudice could be lessened or avoided by:

      (A) protective provisions in the judgment;

      (B) shaping the relief; or

      (C) other measures;

(3) whether a judgment rendered in the person's absence would be adequate; and

(4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder. *Id., quoting* Rule 19(b).

If the absent party should be joined under Rule 19(a), but suit cannot proceed without that party under 19(b) because it is indispensable, the case must be dismissed. *August*, 135 Fed. Appx. at 732. "The threat of multiple litigation will not make a party indispensable, but the threat of inconsistent obligations will." *Cornhill Insurance PLC v. Valsamis, Inc.*, 106 F.3d 80, 84 (5th Cir.), *cert denied*, 522 U .S. 518 (1997). If the party is not indispensable, the case can proceed without joining an additional party or parties. *Hood*, 570 F.3d at 629.

The proper inquiry in weighing these factors is "whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." *Id.* at 633, *quoting* Rule 19(b).

For the joinder analysis, the Court takes the allegations in the complaint as true.

3

*Abbott v. BP Exploration and Production Inc.*, 781 F.Supp.2d 453, 460 (S.D.Tex.2011); *Bonilla v. America's Servicing Co.*, Civ. A. No. H–11–1974, 2011 WL 3882280, *3 (S.D.Tex. Sept.2, 2011). If evidence or additional briefing is needed to permit the court to make an informed decision, but is not presented, the court should not grant a motion to dismiss under Rule 12(b)(7). *Turner v. Pavlicek*, 2011 WL 4458757, *8–9 (S.D.Tex. Sept.22, 2011) ("Without evidence in the record, this court cannot guess as to whether the parties may be required parties under Rule 19(b)."), *citing Pickle v. Int'l Oilfield Divers, Inc.*, 791 F.2d 1237, 1242 (5th Cir.1986), *cert. denied*, 479 U.S. 1059, 107 S.Ct. 939, 93 L.Ed.2d 989 (1987). For the movant to show the nature of the unprotected interests of the absent parties and the possibility of injury to them or that the parties before the court will be disadvantaged by the absence of the nonjoined parties, the movant may need to submit "affidavits of persons having knowledge of these interests as well as other relevant extra-pleading evidence. The district judge is not limited to the pleadings." 5A Charles Alan Wright, *Federal Practice* § 1359. *See Power Equities, Inc. v. Atlas Telecom Services–USA, Inc.*, Civ. A. No. 3:06-CV-1892-G, 2007 WL 43843, *4 (N.D.Tex. Jan.5 2007) (denying movant/defendant's Rule 12(b)(7) motion because defendant failed to name any person or entity that should be joined to the action and "defendant has provided no evidence that these unnamed parties could, or could not, be joined in the suit and thus has provided no evidence upon which the court can conduct the required Rule 19(b) analysis").

The party seeking the joinder bears the initial burden of demonstrating that the person is necessary. *Hood*, 570 F.3d at 628; *Carder v. Continental Airlines, Inc.*, No. H-09-3173, 2009 WL 4342477, *4 (S.D. Tex. No. H-09-3173, 2009 WL 4342477, *4 (S.D.Tex. Nov.30, 2009) (The movant bears the burden of producing evidence which shows the nature of the absent party's interest and that protection of that interest will be impaired or

impeded without joinder of that party). After "'an initial appraisal of the facts indicates that a possibly necessary party is absent, the burden of disputing this initial appraisal falls on the party who opposes joinder.' " *Hood*, 570 F.3d at 628, *citing Pulitzer–Polster v. Pulitzer*, 784 F.2d 1305, 1309 (5th Cir.2006).

<u>Discussion</u>

According to Dejoria, "Gustin is a required party to this proceeding because the effect of his 'collective' putative liability for the Judgement under Moroccan law is unknown, and must be determined to protect Dejoria from possible inconsistent liability should MPE and MFM seek to enforce the judgment against Gustin in a separate proceeding." Dkt. No 23 at 2. Dejoria also suggests that he is concerned about Gustin's interests because should Dejoria not prevail in this action, the result "could prejudice Gustin's interest in seeing that the Judgment" is not enforced against him. While the Court is sure that Mr. Gustin very much appreciates Dejoria's concern for his interests, "it has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit." *Temple v. Synthes Corp.*, 498 U.S. 5, 7 (1990).

Dejoria asks the Court to take his word for the fact that the concept of "collective" liability (which MPE/MFE actually argue can be translated as joint and several liability) is different in legally significant ways from joint and several liability, yet Dejoria does not cite to any case law or evidence to support that claim. MPE/MFM, on the other hand, points to the statements of a Moroccan law expert in which the expert asserts that the "clear" effect of the Moroccan court's judgment in this case was to hold Dejoria and Gustin joint and severally liable for the damages. *See* Dkt. No. 32 at 5. Dejoria's vague suggestion that he disagrees with the testimony cited by MPE/MFEs

5

expert is not enough, especially given that Dejoria is the party with the burden to carry. *Banque Libanaise Pour Le Commerce v. Khreich*, 915 F.2d 1000, 1006 (5th Cir. 1990) ("If the Bank wanted to rely on Abu Dhabi law, it was obligated to present to the district court clear proof of the relevant Abu Dhabi legal principles"). In light of the fact that Dejoria offers no testimony of experts disputing MPE/MFM's supported understanding of Moroccan law, the Court finds that Dejoria has not carried his burden.

The Court likewise rejects Dejoria's argument—again, sans even one citation to *anything*—that the Court should dismiss this case because its outcome could prejudice Gustin's interest in seeing the judgment is not enforced against him. If Dejoria is so worried about Mr. Gustin's interests, Dejoria may join Gustin as a party pursuant to FRCP 14(b). Whether or not Dejoria chooses to utilize FRCP 14(b), however, is irrelevant to this Court's analysis since the Supreme Court has made clear that Dejoria and Gustin need not be sued at the same time, *Temple*, 498 U.S. at 7, even if Dejoria could ultimately find himself having to pay most of the an adverse judgment on account of Gustin's comparatively shallow pockets. *McDermott, Inc. v. AmClyde*, 511 U.S. 202, 220–221 (1994).

For all of these reasons, the Court holds that Gustin is not a required party and therefore, **DENIES** Dejoria's motion.

SIGNED this 10th day of October, 2013.

JAMES R. NOWLIN
UNITED STATES DISTRICT JUDGE