**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **JOHN PAUL DEJORIA** | § | |
| | § | |
| **V.** | § | **A-13-CV-654-JRN-AWA** |
| | § | |
| **MAGHREB PETROLEUM** | § | |
| **EXPLORATION, S.A. and** | § | |
| **MIDEAST FUND FOR** | § | |
| **MOROCCO LIMITED** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE JAMES R. NOWLIN
      SENIOR UNITED STATES DISTRICT JUDGE

Before the Court are: Defendants Maghreb Petroleum Exploration, S.A. and Mideast Fund for Morocco Limited's Motion for Entry of Judgment (Dkt. No. 67), Plaintiff John Paul DeJoria's Response in Opposition to Motion (Dkt. No. 72), Defendants' Reply (Dkt. No. 73), Plaintiff's Pre-Hearing Supplemental Brief on Waiver Issue (Dkt. No. 76), Defendants Response to Plaintiff's Supplemental Sur-Reply Brief (Dkt. No. 78).

The District Court referred the above-matter to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. §636(b) and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I.  FACTUAL BACKGROUND**

Because the events leading up to the dispute in this case have been thoroughly examined in the District Court's Order granting DeJoria's Motion for Non-Recognition and again in the Fifth Circuit's decision reversing the District Court (Dkt. Nos. 57 & 63), the Court will only briefly summarize the facts in this case.

Between 1998 and 2001, Plaintiff John Paul DeJoria, an Austin resident and entrepreneur, invested in an American company called Skidmore Energy, Inc. in order to fund an oil exploration and technology project in the country of Morocco.  In order to carry on its business in Morocco, Skidmore formed and capitalized a Moroccan corporation called Lone Star Energy Corporation.[1] Because under Moroccan law corporations operating in Morocco require a "local" partner/shareholder, Lone Star partnered with Mediholding, S.A., which is owned by Prince Moulay Abdallah Aloaoui of Morocco (King Mohammed VI's first cousin).  In March of 2000, Lone Star entered into an "Investment Agreement" with the Kingdom of Morocco in which Lone Star agreed to invest in hydrocarbon exploration in Morocco in return for obtaining mineral rights concessions and other benefits from Morocco.  In that agreement, Lone Star agreed to drill at least three exploration wells in Morocco and invest roughly $150 million to explore hydrocarbons in Morocco. In August of 2000, a Lichtenstein-based company, Mideast Fund for Morocco ("MFM") agreed to invest $13.5 million in Lonestar in exchange for 50% of Skidmore's shares and assets.

On August 20, 2000, King Mohammed gave a nationally televised speech during which he announced the discovery of what he described as "copious and high quality oil" in Morocco.  Three days later, the then Moroccan energy minister, Yousesef Tahiri, traveled to the site of the "discovery" with DeJoria and his business partner Michael Gustin at his side, and held a press conference during which he exclaimed that the oil discovery was such that it was expected to yield enough oil to supply the Kingdom for roughly 30 years.  By the summer of 2001, however, it was clear that the oil reserves were not as plentiful as announced.  As a result, the business relationship between MFM and Dejoria fell apart.  Lone Star removed Dejoria and Gustin from its Board of

---

[1]Lone Star was subsequently renamed "Magrheb Petroleum Exploration S.A. ("MPE").

Directors and DeJoria and Gustin fled Morocco.  Dejoria claims that he and Gustin feared for their safety.  MFM claims that they fled Morocco in order to avoid having to answer for their alleged fraudulent representations.

## II.  PROCEDURAL BACKGROUND

MFM proceeded to sue Skidmore, Dejoria, Gustin, and a number of other Skidmore officers in their individual capacities in a Moroccan court.  MFM asserted that Skidmore fraudulently induced its participation by misrepresenting Skidmore's actual investment in Lone Star.  MPE later joined as a plaintiff in the suit and claimed that Skidmore's fraudulent misrepresentations deprived Lone Star of necessary capital.  In response, Skidmore filed in U.S. courts two quickly-dismissed lawsuits against MPE, MFM, and other parties.  After nearly seven years of considering MPE and MFM's suit, the Moroccan court ruled against DeJoria and Gustin but absolved five of their co-defendants—including Skidmore—of liability. The court entered judgment in favor of MPE and MFM for approximately $122.9 million.

Thereafter, DeJoria sued MPE and MFM in Texas state court, challenging domestic recognition of the Moroccan judgment under Texas's Uniform Foreign Country Money–Judgment Recognition Act (the "Texas Recognition Act"), TEX. CIV. PRAC. & REM. CODE §§ 36.001–36.008. MPE and MFM removed the action to federal district court based on diversity of citizenship.  Dejoria filed a "Motion for Nonrecognition of Foreign Judgment" in the District Court arguing under the Act's mandatory grounds for non-recognition, that (1) the Moroccan judicial system does not provide due process; and (2) that the Moroccan court lacked personal jurisdiction.  DeJoria also argued, as discretionary grounds for non-recognition, that the Moroccan judgment should not be recognized because (1) the cause of action on which the judgment is based is repugnant to the public policy of Texas; (2) the court rendering the judgment is a seriously inconvenient forum for the trial of the

action; and (3) Moroccan courts do not recognize Texas judgments.  *See id.* at § 36.005(b)(3), (6) and (7).  After reviewing the evidence presented by the parties on the state of the Moroccan judicial system and the royal interest in this particular suit, the District Court granted DeJoria's Motion for Non-Recognition, concluding that DeJoria had not been provided with procedures compatible with due process as required under Section 36.005(a)(1) of the Act.   Dkt. No. 57.  Because he disposed of the case on the due process issue, the District Court did not address the remaining grounds for non-recognition DeJoria had asserted.

MPE and MFM appealed the District Court's ruling to the Court of Appeals for the Fifth Circuit, arguing that the judgment should be reversed because DeJoria had failed to meet his burden to prove that the Moroccan judicial system as a whole does not meet due process standards as required under Section 36.005(a)(1) of the Act.  In their Appellant's Brief, MPE and MFM did not address any of DeJoria's alternative arguments raised before the District Court and asked the Fifth Circuit to "reverse and remand, and instruct the district court to rule on DeJoria's four remaining grounds for nonrecognition." Appellants' Brief at 60 (Attach. A to Dkt. No. 72). DeJoria's responsive Appellee Brief argued that the District Court correctly found that the Moroccan judgment was unenforceable under § 36.005(a)(1).  Dejoria also argued the Moroccan judgment should be affirmed "because it is supported by alternative grounds in the Record, including lack of reciprocal money judgment enforcement [§ 36.005(b)(7)] by Morocco and the Moroccan court's lack of personal jurisdiction over DeJoria [§ 36.005(a)(2)]."  Appellee's Brief at 1 (Attach. A to Dkt. No. 72).  Dejoria did not mention or brief the public policy and inconvenient forum challenges to recognition of the Moroccan judgment.

In their Appellants' Reply brief, MPE and MFM responded to DeJoria's arguments with regard to the due process arguments under § 36.005(a)(1) and DeJoria's alternative arguments of lack

4

of reciprocal money judgment enforcement under § 36.005(b)(7), and that the Moroccan court's lack of personal jurisdiction over DeJoria under § 36.005(a)(2).   Although DeJoria had not raised the public policy and forum inconvenience claims in his Response brief, MPE and MFM also argued that these two issues were fully briefed and ripe for the Fifth Circuit's "*de novo* consideration." Appellants' Reply Brief at 32.

The Fifth Circuit reversed the District Court's Judgment, finding that the District Court erred in concluding that non-recognition was justified under § 36.005(a)(1) of the Texas Recognition Act. *See Dejoria v. Maghreb Petroleum Exploration, S.A.; Mideast Fund for Morocco, Ltd.*, 804 F.3d 373 (5th Cir. 2015), *cert. denied*, 2016 WL 632710 (2016).   The Court concluded that: "The Moroccan judicial system does not present an exceptional case of 'serious injustice' that renders the entire system fundamentally unfair and incompatible with due process.   The district court thus erred in concluding that non-recognition was justified under Section 36.005(a)(1) of the Texas Recognition Act." *Id.* at 384.   The Court also addressed the two alternative arguments DeJoria raised in his responsive brief: that Morocco does not recognize judgments rendered by Texas courts (§ 36.005(b)(7)) and that the Moroccan court lacked personal jurisdiction (§ 36.005(a)(3)).   The Court found that DeJoria had not established, as required by the Texas Recognition Act, that "Morocco would refuse to recognize an otherwise enforceable judgment simply because it was rendered in Texas" or that the Moroccan court lacked personal jurisdiction over DeJoria.

In a footnote, the Fifth Circuit stated that it would not address the public policy and inconvenient forum challenges because "[t]hese arguments were not raised on appeal and are thus waived." *Id.* at 384 n.12. The Court concluded its Opinion with the boilerplate directive:   "For the foregoing, reasons the judgment of the district court is REVERSED and this matter is REMANDED for further proceedings consistent with this opinion." *Id.* at 389.

5

DeJoria then filed a Petition for Panel Rehearing and a Petition for Rehearing En Banc, arguing that the Texas Recognition Act, as construed by the Panel, violates DeJoria's due process rights, the Panel used an erroneous state-law de novo standard of appellate review to decide a federal judgment-recognition appeal, and that the Panel erred by resolving fact-intensive alternative grounds for affirmance against DeJoria, where the District Court did not address those claims in the first instance.  See Exh. D to Dkt. No. 72.  DeJoria also asked the Fifth Circuit to clarify its use of the word "waived" in footnote 12 regarding the public policy and inconvenient forum arguments, explaining that it was his understanding that the Fifth Circuit did not intend to prevent him from pursuing those grounds on remand, and instead simply meant that it would not address those arguments in the appeal, as they were not briefed for the Fifth Circuit's consideration.  *Id.*  On November 16, 2015, the Fifth Circuit summarily denied, without any further explanation, the Petition for Rehearing and Petition for Rehearing En Banc. See Dkt. No. 63.  Then on November 24, 2015, the Circuit issued its mandate.  *See* Dkt. No. 63.

On November 24, 2015, the District Court referred this case to the undersigned pursuant to 28 U.S.C. §636(b) and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.  Dkt. No. 65.  On November 24, 2015, DeJoria filed a Motion for Scheduling Conference arguing that there were several issues remaining to be addressed by the District Court.  In relevant part, DeJoria asked the Court to adjudicate the additional grounds for nonrecognition of the Moroccan Judgment that were not decided by the Fifth Circuit—the public policy and inconvenient forum challenges.  In response, MPE and MFM filed a Motion for Entry of Judgment asking the District Court to enter judgment in their favor recognizing and enforcing the Morocco Court Judgment against DeJoria.  MPE and MFM contend that the Fifth Circuit ruled that DeJoria waived the public policy and inconvenient forum challenges because he did not raise them

on appeal and, therefore, he cannot raise those issues on remand.  DeJoria disagrees, claiming that the Fifth Circuit's statement that he waived the public policy and inconvenient forum arguments simply meant that he waived those claims on appeal and not before the District Court on remand. DeJoria argues that as the appellee, he was not required to raise an alternative ground for affirmance in order to purse that ground on remand.

The undersigned granted DeJoria's Motion for Scheduling Conference and ordered the parties to file additional briefing on whether the Fifth Circuit's footnote prevented DeJoria from raising the public policy and inconvenient forum challenges to the Moroccan Judgment.  On February 23, 2016, the Court held a hearing on the issue.  A week before the hearing, DeJoria filed a petition for writ of certiorari to the United States Supreme Court seeking review of the Fifth Circuit's decision.  *See John Paul DeJoria v. Magrheb Petroleum Expl., SA, et al.*, No. 15-1033 (U.S. Feb. 17, 2016).  When the Supreme Court ordered briefing on the case, the Court issued an order stating that it would withhold ruling on the waiver issue until the Supreme Court decided whether it would grant DeJoria's cert. petition.  Dkt. No. 83.  On June 20, 2016, the Supreme Court denied the petition for writ of certiorari.  Dkt. No. 84.

### III. ANALYSIS

As noted above, Dejoria argued before the District Court that the Moroccan Judgment should not be recognized under the Texas Recognition Act, TEX. CIV. PRAC. & REM.CODE § 36.005, because (1) the Moroccan judicial system does not provide due process, (2) the Moroccan court lacked personal jurisdiction over DeJoria, (3) the cause of action on which the judgment is based is repugnant to the public policy of Texas, (4) the court rendering the judgment is a seriously inconvenient forum for the trial of the action, and (5) Moroccan courts do not recognize Texas judgments.  The District Court began and ended its analysis with DeJoria's first  argument, finding

7

that the Moroccan Judgment should not be recognized under § 36.005(a)(1) of the Act because it was rendered under a system that does not provide impartial tribunals and procedures compatible with due process.  The District Court noted that it did not need to address DeJoria's alternative arguments for recognition.

On appeal, the Fifth Circuit reversed the District's Court's ruling on § 36.005(a)(1) and also rejected DeJoria's alternative arguments that the Moroccan court lacked personal jurisdiction over DeJoria and that Moroccan courts do not recognize Texas judgments.  The Court did not address DeJoria's public policy and inconvenient forum claims, however, stating in a footnote the following:

> In the district court, DeJoria raised 'public policy' and 'inconvenient forum' challenges to recognition of the Moroccan judgment, both of which are discretionary grounds for non-recognition under Section 36.005(b) of the Texas Recognition Act. These arguments were not raised on appeal and are thus waived.

*DeJoria*, 804 F.3d at 384 n.12 (citing *United States v. Whitfield*, 590 F.3d 325, 346 (5th Cir. 2009) ("[A] party waives any argument that it fails to brief on appeal")). The Parties each interpret this footnote differently.  MPE and MFM argue that the Fifth Circuit expressly held that DeJoria waived his public policy and inconvenient forum arguments by failing to raise those issues on appeal, and this bars him from raising them on remand.  In contrast, DeJoria argues that in light of clearly established law, the only reasonable interpretation of the footnote is that DeJoria waived the public policy and inconvenience forum arguments *on appeal* as alternative grounds for affirmance of the District Court's Judgment by failing to raise those arguments on appeal.

Though given the opportunity to clarify the somewhat cryptic footnote, the Fifth Circuit declined to do so, and denied the Petition for Rehearing without further explanation, leaving it to this Court to sort out the impact  of the footnote here on remand.

### A.      The legal doctrines at issue

 "Under the law of the case doctrine, an issue of law or fact decided on appeal may not be reexamined either by the district court on remand or by the appellate court on a subsequent appeal". *Tollett v. City of Kemah*, 285 F.3d 357, 364 (5th Cir. 2002) (quoting *United States v. Becerra*, 155 F.3d 740, 752 (5th Cir.1998)).  This doctrine is "predicated on the premise that there would be no end to a suit if every obstinate litigant could, by repeated appeals, compel a court to listen to criticisms on their opinions or speculate of chances from changes in its members." *Id.*  Law of the case is a prudential rule rather than a jurisdictional one; in the words of Justice Holmes, the doctrine "merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power." *Messenger v. Anderson*, 225 U.S. 436, 444(1912).  "[U]nlike res judicata, the law of the case doctrine applies only to issues that were actually decided, rather than all questions in the case that might have been decided, but were not." *Alpha/Omega Ins. Servs., Inc. v. Prudential Ins. Co. of Am.*, 272 F.3d 276, 279 (5th Cir. 2001) (citation omitted).  *See also*, *Quern v. Jordan*, 440 U.S. 332, 348 (1979) ("The doctrine of law of the case comes into play only with respect to issues previously determined. . . .  On remand, the 'Circuit Court may consider and decide any matters left open by the mandate of this court").

"The mandate rule, which is a corollary or specific application of the law of the case doctrine, prohibits a district court on remand from reexamining an issue of law or fact previously decided on appeal and not resubmitted to the trial court on remand." *United States v. Pineiro*, 470 F.3d 200, 205 (5th Cir. 2006).  "This prohibition covers issues decided both expressly and by necessary implication, and reflects the jurisprudential policy that once an issue is litigated and decided, 'that should be the end of the matter.'" *Id.  See also, Tollett,* 285 F.3d at 364 ("a lower court on remand

must implement both the letter and spirit of the [appellate court's] mandate, and may not disregard the explicit directives of that court").

Under the waiver doctrine, "an issue that could have been but was not raised on appeal is forfeited and may *not* be revisited by the district court on remand." *Med. Ctr. Pharmacy v. Holder*, 634 F.3d 830, 834 (5th Cir. 2011) (emphasis in original) (citing *United States v. Castillo*, 179 F.3d 321, 326 (5th Cir.1999), *rev'd on other grounds*, 530 U.S. 120 (2000)). The waiver doctrine, like the law of the case doctrine, "serves judicial economy by forcing parties to raise issues whose resolution might spare the court and parties later rounds of remands and appeals." *Id.* "The waiver doctrine differs from the law of the case doctrine in that it arises as a consequence of a party's inaction, not as a consequence of a decision on our part." *Castillo*, 179 F.3d at 326.

### B.    Does the waiver doctrine apply?

In the footnote at issue, the Fifth Circuit ruled that DeJoria's public policy and inconvenient forum challenges to recognition of the Moroccan judgment were "waived," because they "were not raised on appeal," citing to *United States v. Whitfield*, 590 F.3d 325, 346 (5th Cir. 2009) and quoting its language that "a party waives any argument that it fails to brief on appeal." *DeJoria*, 804 F.3d at 384 n.12. The Panel did not explain whether DeJoria waived those arguments only on appeal, or whether he permanently waived them on remand and on further appeals.

The waiver doctrine is generally applied against the *appellant* in a case, not the *appellee*. *See* 18 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 4478.6 at n. 16 (2d ed. 2002) (applying the waiver doctrine to the party actually filing the appeal, not the appellee responding to the appeal). This is expressly the rule in the Fifth Circuit. *See e.g., United States v. Smith*, 814 F.3d 268, 272 (5th Cir. 2016) (finding that the waiver doctrine did not apply to appellee noting "he was the prevailing party in the trial court") (citing *Brooks v.*

10

*United States*, 757 F.2d 734, 739 (5ᵗʰ Cir. 1985) (which applied waiver doctrine to appellant)).

Similarly, nearly every other circuit has refused to apply the waiver doctrine to an *appellee*.[2]  In fact, the case relied on by the Fifth Circuit in the *DeJoria* in footnote is the typical case in which the waiver doctrine was applied against the appellant, not the appellee.  *See United States v. Whitfield*, 590 F.3d 325, 346 (5ᵗʰ Cir. 2009).  In addition, in support of its statement that "[a]s a general rule, a party waives any argument that it fails to brief on appeal," the Fifth Circuit in *Whitfield* relied on Federal Rule of Appellate Procedure 28(a), which governs the appellant's brief, and *Procter & Gamble Co. v. Amway Corp.*, 703 F.3d 496, 499 n. 1 (5ᵗʰ Cir. 2004), another case applying the waiver rule against the *appellant*.[3]

---

[2]*Laitram Corp. v. NEC Corp.*, 115 F.3d 947, 954 (Fed. Cir. 1997) (holding that appellee did not waive issues on remand by failing to raise them in response to the to patentee's original appeal); *Mosher v. Speedstar Div. of AMCA Int'l, Inc.*, 52 F.3d 913, 917 & n. 2 (11ᵗʰ Cir. 1995) (finding that waiver doctrine should not apply to appellee for failing to raise argument on appeal); *Crocker,* 49 F.3d at 738-41 (finding that appellee did not waive statute of limitations argument in second appeal by failing to raise it in first appeal where first appeal raised different issues and finding that leniency should be applied to appellees with regard to waiver rule); *Dickenson v. Auto Center Manf. Co.*, 733 F.2d 1092, 1101 (5ᵗʰ Cir. 1983) (finding that appellee did not waive his right to urge arguments by his failure to raise issue by cross-appeal or argue it in appellants's appeal); *Conway v. Chem. Leaman Tank Lines, Inc.,* 644 F.2d 1059, 1062 (5th Cir. 1981) (rejecting defendant's argument that appellee abandoned claim by failing to file a cross-appeal raising the issue noting "the lack of authority cited to require compulsory cross-appeal" and that "a cross-appeal by the plaintiffs would have raised an issue not decided by the district court that, in all likelihood, would not have been considered by the appellate court, at least without further remand to the trial court for initial decision."); *Golden Hour Data Systems v. emsCharts, Inc.,* 2014 WL 8708239, at * 5 (E.D. Tex. Mar. 31, 2014) (finding that appellee did not waive arguments on remand that he failed to raise on appeal); *Westchester Surplus Lines Ins. Co. v. Maverick Tube Corp.*, 722 F. Supp.2d 787, 794 (S.D. Tex. 2010) ("Westchester's failure to raise the multiple-occurrences issue on appeal did not waive or forfeit its right to raise it on remand.").

[3]In their reply brief, MPE and MFM argue that "[t]he Fifth Circuit routinely applies law of the case doctrine to find waiver by appellees like DeJoria." Dkt. No. 73 at 5.  In support of this statement, MPE and MFM refer the Court to the following Fifth Circuit cases: *Box v. Dallas Mexican Consulate General*, 2015 WL 4932673, *3-4 (5ᵗʰ Cir.  Aug. 19, 2015), *Serna v. Law Office of Joseph Onwuteaka*, PC., 614 F. App'x 146, 156 (5ᵗʰ Cir. June 5, 2015), *Bayou Steel Corp. v. Nat'l Union Fire Ins.*, 487 F. App'x 933, 935 (5ᵗʰ Cir. 2012), and *Gene & Gene, LLC. v. BioPay, LLC,* 624

The policies underlying the waiver rule—avoidance of piecemeal litigation and conservation of judicial resources—"are less implicated when the party against whom waiver is asserted is the appellee." *Laitram Corp.*, 115 F.3d at 954. "Indeed, these same policies may counsel for not forcing an appellee to raise all possible issues in an appeal." *Id.* As the District of Columbia Circuit reasoned:

> While there are clear adjudicative efficiencies created by requiring appellants to bring all of their objections to a judgment in a single appeal rather than *seriatim* (the *only* context in which we have ever before now applied the waiver doctrine), forcing appellees to put forth every conceivable alternative ground for affirmance might increase the complexity and scope of appeals more than it would streamline the progress of the litigation.
>
> &ast;&ast;&ast;
>
> Thus, full application of the waiver rule to an appellee puts it in a dilemma between procedural disadvantage and improper use of the cross-appeal. That dilemma, together with the potential judicial *dis*economies of forcing appellees to multiply the number of arguments presented, justifies a degree of leniency in applying the waiver rule to issues that could have been raised by appellees on previous appeals.

*Crocker*, 49 F.3d at 740-41.

In construing the meaning of the footnote at issue, the Court must assume that the Fifth Circuit was following its own well-established case law on waiver in appeals. Given the case law

---

F.3d 698, 700 (5ᵗʰ Cir. 2010). The statement that the Fifth Circuit "routinely" applies the doctrine to appellees is incorrect, and the cases MPE and MFM rely upon do not support the statement. For example, they quote certain language from *Box,* 2015 WL 4932673, to support their contention that an appellee can waive an issue on remand by failing to raise the issue on remand. *See Id.* at 4. A review of the entire opinion shows that the Consulate had not only failed to raise the argument on appeal, but never raised the argument in its initial Rule 60(b)(4) motion before the district court. *Id.* In addition, the Consulate was bound to certain facts admitted in the default judgment. *Serna,* 14 F. App'x at 156, is also inapposite, since there the law of the case doctrine was applied against the appellant, not the appellee. The holding in *Bayou Steel Corp.*, 487 F. App'x at 935, and *BioPay,* 624 F.3d at 700, also do not help Defendants since the Fifth Circuit found in both of these cases that the parties were attempting to re-litigate issues already addressed in the first appeals and/or that the parties waived their argument by failing to raise it on remand.

just discussed, the best interpretation of the Fifth Circuit's reference to waiver in the footnote at issue is that it refers to DeJoria waiving the public policy and inconvenient forum issues *on appeal* as alternative grounds for affirming the original judgment, not that DeJoria is barred from raising those arguments on remand before the District Court.  To rule otherwise would be to assume that in the footnote the Fifth Circuit was declining to follow long-standing Circuit precedent, and was adopting a new rule of waiver, without so much as a nod as to the significance of what it was doing.  Such a construction of the footnote would be inappropriate for this Court, and is something the Circuit should do in the first instance.  The Court therefore declines to adopt MPE and MFM's interpretation.

### C.    Does the law of the case doctrine apply*?*

As noted, the mandate rule prohibits a district court on remand from reexamining an issue of law or fact previously decided on appeal and not resubmitted to the trial court on remand.  *See Pineiro*, 470 F.3d at 205.  "A mandate controls on all matters within its scope, but a district court on remand is free to pass upon any issue which was not expressly or impliedly disposed of on appeal." *Newball v. Offshore Logistics Int'l*, 803 F.2d 821, 826 (5th Cir. 1986).  "Actual decision of an issue is required to establish the law of the case." 18 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 4478 (2d ed. 2002).  *See also, Chapman v. Nat'l Aeronautics & Space Admin.*, 736 F.2d 238, 241 (5th Cir. 1984) ("The doctrine, of course, does not bar consideration of any issue that might have been, but was not actually, resolved in the earlier proceeding").  In implementing the mandate, the district court should consult the reviewing court's opinion "to ascertain what was intended by [the] mandate." *In re Sanford Fork & Tool Co.*, 160 U.S. 247, 256 (1895).

As noted, the Fifth Circuit's Opinion in this case reversed the District's Court's ruling on § 36.005(a)(1) and also rejected DeJoria's alternative arguments that the Moroccan court lacked personal jurisdiction over DeJoria and that Moroccan courts do not recognize Texas judgments. The Court did not address the merits of DeJoria's public policy and inconvenient forum claims because DeJoria did not raise those arguments on appeal (nor had they been decided by the District Court below). In addition, in their opening brief, MPE and MFM only appealed the District Court's due process ruling (since that was the only issue the District Court decided), and did not address any of DeJoria's alternative arguments raised before the District Court. Indeed, in that brief, MPE and MFM asked the Fifth Circuit to "reverse and remand, and instruct the district court to rule on DeJoria's four remaining grounds for nonrecognition." Appellants' Brief, at 60 (Attach. A to Dkt. No. 72). The only reference to the public policy and inconvenient forum arguments in the briefing before the Fifth Circuit was MPE and MFM's one-sentence reference to these claims in their *Reply Brief*. See Appellants' Reply Brief at p. 32. "Arguments raised for the first time in a reply brief are generally waived." *Jones v. Cain*, 600 F.3d 527, 541 (5th Cir. 2010).

The Court finds that the mandate rule does not preclude it from addressing DeJoria's public policy and inconvenient forum arguments since the merits of those claims were not addressed by the Fifth Circuit. As the Third Circuit has reasoned: "The law-of-the-case doctrine relieves a court of the obligation of considering an issue twice, but we must be careful to prevent the doctrine from being used to prevent a properly raised argument from being considered even once. Where there is substantial doubt as to whether a prior panel actually decided an issue, the later panel should not be foreclosed from considering the issue." *United Artists Theatre Circuit, Inc. v. Twp. of Warrington, PA*, 316 F.3d 392, 398 (3rd Cir. 2003) (emphasis added). Thus, in *Conkling v. Turner*, 138 F.3d 577, 587 (5th Cir. 1998), the Fifth Circuit rejected the plaintiff's law of the case argument where the

defendant had never raised the issue in the first appeal.  The Court reasoned that "[w]hile we recognize that 'the law of the case' doctrine 'comprehends things decided by necessary implication as well as those decided explicitly,' it nevertheless 'applies only to issues that were decided' and 'does not include determination of all questions which were within the issues of the case and which, therefore, might have been decided.'" *Id.* (internal quotations and citations omitted).

Like the Defendants in the instant case, in *Conway v. Chemical Leaman Tank Lines, Inc.*, 644 F.2d 1059 (5th Cir.1981), the appellants argued that the law of the case precluded the district court on remand from ruling on an alternative ground for a motion for a new trial.  After a jury returned a verdict in favor of the defendants, the plaintiffs moved for a new trial on two grounds.  Without reaching the second ground, the district court granted a new trial on the first ground.  The jury then returned a verdict in favor of the plaintiffs.  On appeal, the Fifth Circuit reversed, holding that the district court had erroneously granted a new trial on the first ground. The Fifth Circuit did not address, and the parties did not discuss in their briefs, the second ground urged by the plaintiffs for a new trial.  On remand, the plaintiffs reurged the second ground of their motion for new trial and the district court granted the motion on that ground.  The defendants appealed again arguing that law of the case precluded the district court from considering the alternative ground.  The Fifth Circuit rejected the defendants' law of the case argument finding that "the law of the case established by a prior appeal does not extend to preclude consideration of issues not presented or decided on the prior appeal." *Id.* at 1062.  The Court explained its ruling:

> In the present appeal, thus, the plaintiffs reurge a timely asserted ground for a new trial, a ground upon which the trial court now grants a new trial because of prejudicial error producing a jury verdict tainted by a fundamentally unfair trial. Through no fault of the plaintiffs, the district court did not rule upon it at the time initially presented instead, granting a new trial upon another ground urged, one that the appellate court (without adverting to the fundamental-unfairness ground now before us) held to be deficient.

> The plaintiffs have not had their day in court as to this second ground, upon which the present order for a new trial is based. The law of the case doctrine did not operate to prevent the district court from considering it, a meritorious issue never previously passed upon by it and never submitted to or decided by the appellate court on the previous appeal. The new trial so granted was within the power of the district court to grant.

*Id.* This is precisely the case here.

Other Circuits have ruled similarly with regard to the law of the case doctrine.  In *Bone v. City of Lafayette, Ind.*, 919 F.2d 64, 66 (7th Cir. 1990), the Seventh Circuit explained that it had not ruled on the plaintiff's claim of defamation in its prior appeal. "We had no occasion to decide whether Bone had established defamation under the law of Indiana, because that was not the basis of Judge Sharp's decision and was not one of Bone's theories. . . Subjects an appellate court does not discuss, because the parties did not raise them, do not become the law of the case by default." *Id.*  Similarly, in *Field v. Mans*, 157 F.3d 35 (1ˢᵗ Cir. 1998), the appellants argued that the law of the case precluded the appellee from arguing a credit extension issue on remand before the bankruptcy court.  The Supreme Court noted in a footnote that it would not address the extension issue because it was not previously raised and was not subsumed within the question on which the Court granted certiorari.  The First Circuit held that the law of the case did not apply because "[a] court that refuses to address an issue on procedural grounds cannot reasonably be said to have decided the merits of that issue, even implicitly."  *Id.* at 43. *See also*, *Hester v. Int'l Union of Operating Engineers, AFL-CIO*, 941 F.2d 1574, 1581, n. 9 (11th Cir. 1991) (rejecting law of the case argument finding that it "would impose on a court of appeals the necessity of considering many arguments not yet considered by the district court, or even argued or briefed to the appellate court, and would expand the doctrine of law of the case far beyond its roots in the values of 'efficiency, finality, and obedience

within the judicial system.'"); *Newball*, 803 F.2d at 826 (district court on remand is free to pass upon any issue which was not disposed of on appeal).

Relatedly, in general the law of the case doctrine should not be applied in cases involving ambiguous opinions. *See* 18 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 4478 (2d ed. 2002) ("Courts often refuse to infer decisions of an uncertain issue, from an ambiguous opinion, including a summary action, or an inadequately considered disposition."). The ambiguity presented by the footnote, and the Circuit's decision not to clarify it when requested, is another reason that the law of the case doctrine should not be applied to bar DeJoria from having a court actually reach the merits of the two arguments at issue, when no court has done so yet.

The Fifth Circuit's mandate in this case stated the following: "It is ordered and adjudged that the judgment of the District Court is reversed, and the cause is remanded to the District Court *for further proceedings in accordance with the opinion of this Court.*"  See Dkt. No. 63 (emphasis added). Thus, the Fifth Circuit's mandate here did not contain any express or implied limitation on the District Court and contained the general remand language. *See Field*, 157 F.3d at 42 (finding that mandate did not contain any express or implied limitation where court remanded case "for proceedings consistent with this opinion."). "Such general language suggests that the appellate court did not intend to decide a factual issue that was not within its province, or to 'tie the lower court's hands in its task to a bedpost forcing it to stare only at the [issues specifically decided].'" *Chapman v. Nat'l Aeronautics & Space Admin.*, 736 F.2d 238, 242 (5th Cir.) (quoting *Doran v. Petroleum Management Corp.*, 576 F.2d 91, 92 (5th Cir.1978)), *cert. denied*, 469 U.S. 1038 (1984).

The fact that the Fifth Circuit denied DeJoria's request for a rehearing and for clarification of the footnote does not change the Court's interpretation of the mandate. "Denial of a petition for

rehearing, whether or not accompanied by a petition for rehearing en banc, does not of itself establish the law of the case for further proceedings after the initial appeal." 16AA CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3986 (4th ed.). As the Fifth Circuit explained in *Alpha/Omega Ins. Servs., Inc. v. Prudential Ins. Co. of Am.*, 272 F.3d 276, 281 (5th Cir. 2001), a "denial of a motion for panel rehearing does not amount to a decision on the merits." *See also*, *Fernandez v. Chardon*, 681 F.2d 42, 51 n. 7 (1st Cir. 1982) ("[T]he denial of a petition for rehearing can have no greater precedential effect than the denial of a petition for certiorari, which is to say none."); *Laitram Corp.*, 115 F.3d at 951 (holding that district court's interpretation of mandate was erroneous where district court relied on Federal Circuit's denial of plaintiff's request for clarification because the denials carried "no inferential weight").   Thus, the Fifth Circuit's denial of the motion for panel rehearing does not amount to a decision on the merits with regard to the public policy and inconvenient forum arguments. As DeJoria argues in his Response Brief, "[i]t is at least likely that the Fifth Circuit denied rehearing on this point because it agreed with DeJoria that the opinion as written—read in conjunction with the 'further proceedings' mandate and governing precedent—adequately protected DeJoria's right to pursue the remaining undecided nonrecognition grounds on remand." Dkt. No. 72 at p. 13.

Based upon the foregoing, the Court finds that DeJoria did not waive his public policy and inconvenient forum arguments on remand before the District Court.  In addition, the Court is not precluded under the law of the case doctrine from considering DeJoria's public policy and inconvenient forum arguments on remand.  In light of these findings, the undersigned recommends that the District Court deny the Motion for Entry of Judgment, without prejudice to refiling after the Court considers the public policy and inconvenient forum challenges to the Moroccan Judgment.

## IV.  RECOMMENDATION

The undersigned **RECOMMENDS** that the District Court **DENY** Defendants Maghreb Petroleum Exploration, S.A. and Mideast Fund for Morocco Limited's Motion for Entry of Judgment (Dkt. No. 67).

## V.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985);  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 11th day of August, 2016.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE

19